Princeton Savings Bank v. Martin.

---

THE PRINCETON SAVINGS BANK, appellant,

*v.*

ALFRED W. MARTIN, respondent.

A bill in chancery for deficiency will not lie against a surviving original obligor, upon a bond secured by mortgage, with whom no other defendant is joined.

On appeal from a decree advised by Vice-Chancellor Bird, whose opinion is reported in *Princeton Savings Bank* v. *Martin*, *8 Dick. Ch. Rep. 463.*

*Mr. P. A. V. Van Doren* and *Mr. Garret D. W. Vroom*, for the appellant.

*Mr. William M. Lanning*, for the respondent.

The opinion of the court was delivered by

BARKALOW, J.

The appellant in this case filed a bill in the court of chancery · against the respondent to recover the amount due upon a bond of the respondent, Alfred W. Martin, and his brother, Augustus L. Martin, executed on April 1st, 1867, and intended to be secured by a mortgage of the same date.

On April 1st, 1868, Augustus L. Martin, the joint owner with respondent of the mortgaged premises, conveyed his interest therein to the said Alfred W. Martin, the respondent. Subsequent conveyances vested the title to the mortgaged premises in other successive owners until they finally became the property of one Charles S. Bradfield, on September 27th, 1891, and by successive assignments the mortgage above described and the bond which it was given to secure, became the property of the appellant on February 12th, 1885.

On April 12th, 1891, Augustus L. Martin, the co-obligor with the respondent on the bond under consideration, died.

On or about February 25th, 1892, proceedings in foreclosure were begun upon the mortgage, which were carried to á sale, and resulted in leaving a deficiency due upon the bond which that mortgage had been given to secure. ·

In May, 1894, the bill in this case was filed against the respondent alone, not joining as codefendants either the heirs, devisees or legal representatives of the deceased co-obligor, or any subsequent grantee of the premises who might have assumed payment of the encumbrance, or any person whose relations to the obligation should suggest a necessity for the intervention of a court of equity.

The prayer of the bill is for a decree against the respondent for the amount of principal and interest due and to grow due upon the said bond, together with costs of suit, after applying the proceeds of the sale under foreclosure to the amount due.

The defendant demurred to the bill upon four grounds:

*First.* That the complainant had not stated such a case as entitled it to relief in a court of equity.

*Second.* That upon the matters stated in the bill the complainant had an adequate remedy at law.

*Third.* That the heirs, devisees and personal representatives of Augustus L. Martin should have been made parties to the bill.

*Fourth.* That the supposed cause of action in the complainant's bill set forth did not accrue at any time within sixteen years before the filing of the bill in this suit.

After hearing and argument a decree was made in the court of chancery to the effect that the bill should be dismissed, with costs to the defendant, for reasons set out at length in the opinion filed by the vice-chancellor who heard the case.

From that decree the appeal now under consideration was taken.

We are of opinion that it is unnecessary to consider the grounds upon which that decree was based, because the complainant in this cause, if entitled to recover, had a complete remedy at law against the defendant, and was therefore improperly in the court of chancery under its bill as filed. And for that reason we affirm the conclusion arrived at by the vice-chancellor without discussing the views upon which it was founded.

The decree should be affirmed, and the complainant's bill in this case should be dismissed, with costs to the respondent in this court and in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, DEPUE, DIXON, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, MAGIE, VAN SYCKEL, BARKALOW, BOGERT, HENDRICKSON, NIXON—13.

*For reversal*—None.