Herron v. Mullen.

MICHAEL HERRON, appellant,

v.

THOMAS MULLEN, respondent.

1. Courts of equity have power to reform deeds for the correction of mistakes, but to warrant reformation there must be a mutual mistake—that is, a mistake shared in by both parties.

2. *Green* v. *Stone, 9 Dick. Ch. Rep. 387,* followed.

On appeal from a decree advised by Vice-Chancellor Stevens, who delivered the following opinion :

On August 23d, 1894, the complainant, Mullen, executed to the defendant, Herron, a deed for land in Trenton for the consideration of $4,000. The deed declared that the premises were conveyed subject to two mortgages, the first for $1,600 and the second for $2,000, which mortgages, it was stipulated, " the party of the second part hereby agrees " to assume and pay, together with all interest now due thereon, " as part of the consideration for this conveyance." On June 10th, 1895, the grantee, Herron, sold the property to one Phillips, but in this deed there was no clause of assumption.

Shortly after a foreclosure suit was instituted by the first mortgagee on the $1,600 mortgage, the second mortgagee being made a party, and on a decree of sale therein the property was sold to a stranger for $1,000.

Mullen now brings this suit against Herron to compel him to perform his agreement of assumption and joins the first and second mortgagees as parties. Herron defends on the ground that the assumption claim was inserted by mistake.

*Marsh* v. *Pike, 10 Paige 595,* and *Cubberly* v. *Yager, 15 Stew. Eq. 289,* are precedents justifying the form of action. The only question is whether the defendant is bound. On the authority of *Green* v. *Stone, 9 Dick. Ch. Rep. 387,* I think he is and that the complainant is clearly entitled to the relief he prays. There

is not the least evidence that the mistake was mutual, consequently there can be no reformation.  The weight of the evidence is that even if Herron did not know that the deed contained the clause of assumption when he accepted it (and it is not clear on the evidence that he did not), he knew of it before he conveyed to Phillips.  He is not entitled to the remedy of rescission because he has incapacitated himself from returning the property.

*Mr. Clarence Atkinson*, for the appellant.

*Mr. Aaron V. Dawes*, for the respondent.

PER CURIAM.

Decree affirmed, for the reasons given in the court of chancery.

*For affirmance*—COLLINS, DEPUE, DIXON, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, VAN SYCKEL, ADAMS, BOGERT, HENDRICKSON, KRUEGER, NIXON, VREDENBURGH—14.

*For reversal*—None.