Complainant, as the holder of a bond secured by real estate mortgage, filed its bill against the obligors and the subsequent grantees from the mortgagors, setting up the making of the bond and mortgage; the several subsequent conveyances of the mortgaged premises; the respective assumptions of the payment of the mortgage debt by said subsequent grantees; the foreclosure of the mortgage, and that the amount realized at foreclosure sale was $4,450, being $1,561 less than the $6,011, which was the amount due on the bond and mortgage; and the filing of the statutory notice of intention of the present suit; and praying decree against defendants for the $1,561 deficiency on the bond, with interest.
A joint answer was filed by the obligors (mortgagors) and their immediate (first) grantee, admitting all of the allegations of fact in the bill. (The answer denies that "there is any deficiency," but since it admits all the facts which show that the deficiency resulted, this denial must be deemed frivolous. Doubtless what was intended by the pleader was an avoidance of any admission of liability on the part of the defendants for the deficiency sustained by complainant.)
The answer then proceeds, in paragraphs 10 to 16 thereof, to set up three separate and special defenses. The first is a denial of complainant's allegation of no adequate remedy at law, coupled with an "alternative demand for a jury trial of" the facts in controversy. Since it clearly appears from the entire pleadings that there are no facts whatever in controversy this "demand" may be disregarded, and the defense needs little further consideration. No argument was made in support of it, either orally or by brief — and it is quite clear that a suit for deficiency against subsequent grantees *Page 388 
who have assumed payment of mortgage indebtedness is one of equitable cognizance. Green v. Stone, 54 N.J. Eq. 387; Herron
v. Mullen, 56 N.J. Eq. 839.
Nor does the third special defense merit much discussion. It challenges the legal sufficiency of the notice of intention specified in the bill — both as to form of the notice and the place of its filing. No argument was made by defendants in support of it, and they must be deemed to acquiesce in its being stricken. Reference to the statute discloses no invalidity. And see National Bank of New Jersey v. Lefkowits, 107 N.J. Eq. 265.
The actual dispute between the parties is raised by the second special defense. As to this, the answer alleges that the bond and mortgage contained provisions, whereby — (a) the principal became due in semi-annual installments of $120 each, commencing on November 9th, 1930, until November 9th, 1932 when the whole balance was payable; (b) interest was payable semi-annually; (c) in the event of default for thirty days in the payment of any installment of principal or any installment of interest or any municipal tax or assessment, the entire principal sum and interest "should at the option of the mortgagee" become due and payable immediately thereafter; it further alleges that a street assessment became payable on May 25th, 1929, and remained unpaid for more than thirty days; that an installment of principal came due on November 9th, 1930, and remained unpaid for more than thirty days; that an installment of interest came due on the same date and remained unpaid for more than thirty days; it further alleges that the fair value of the mortgaged premises on June 25th, 1929 (thirty days after the street assessment fell due) was $7,000, and on December, 1930 (thirty days after the installment of interest and installment of principal fell due), was $6,500.
The motion to strike on the ground that the answer is frivolous, of course admits the truth of the facts set up by the answer (so that, as has been said, there are no facts in controversy), but denies that they constitute a defense as matter of law. *Page 389 
The answering defendants rely on certain statements in the opinion in Reeves v. Cordes, 108 N.J. Eq. 469; (one or two cases from other states are cited as corroborative in principles, but need no other consideration here beyond the statement that their relevance is only on the subject of what may be termed "the measure of damages"). In that case a mortgagee was suing the original mortgagor (obligor) for deficiency — in a court of law. The mortgagor sought to restrain that suit on the ground that the mortgagee had, by valid agreement with the mortgagor's subsequent grantee, and without the mortgagor's knowledge or consent, extended the time for payment of the mortgage debt — the mortgagor contending that his liability was that of a surety for the primary liability of his subsequent grantee, and that as such surety his liability was discharged by the said agreement with the primary debtor for extension of time of payment.
The court there held that there had been no assumption of payment of the mortgage debt by the subsequent grantee, and hence the grantee had not become the primary debtor and the mortgagor the surety, as to the entire mortgage debt; that the mortgaged premises were the primary fund for the payment of the mortgage debt and the mortgagor was to be considered as surety only in so far as concerned the value of the mortgaged premises; therefore even if the mortgagee's agreement to extend payment entitled the mortgagor to exoneration, such exoneration could not go beyond the value of the mortgaged premises; that as to the difference between that value and the amount of the mortgage debt, the mortgagor was and had always been the primary or principal debtor, and was still liable.
The court then goes on to say that a mortgagor "so situated and circumstanced" as the then complainant, is entitled to exoneration to the extent of the value of the mortgaged premises at the time originally fixed for the payment of the mortgage.
It is on the basis of this statement that the present defendants attempt to support their answer — contending that they are entitled to exoneration (from liability for the mortgage *Page 390 
debt) not merely to the extent of the proceeds of the foreclosure sale, but to the extent of the value of the property on June 29th, 1929 ($7,000), or on December 9th, 1930 ($6,500).
One error — almost flagrantly obvious — in this argument is that it entirely disregards the fact that the present defendants are not "situated and circumstanced" similarly to the mortgagor in Reeves v. Cordes. There is in the present case no allegation that the mortgagee made any valid agreement with any subsequent grantee for the extension of the time of payment of the mortgage debt. It is the making of such agreement — the modification of the terms of the primary contract for the performance of which the surety became surety — which entitles the surety to exoneration, or discharge. Penny v. Penny,88 N.J. Eq. 160 (at p. 164); 50 C.J. 136 et seq. A mere failure to foreclose immediately upon the maturity of the mortgage debt can have no such result. Delay by the creditor to sue the principal debtor does not, of itself, discharge the surety.Brick v. Freehold National Banking Co., 37 N.J. Law 307; 50C.J. 172 and cases cited.
The facts set up in the paragraphs under consideration therefore constitute no defense: they are frivolous. However, attention may well be called to another error in defendants' argument — namely the contention (necessarily implied) that the maturity date of the mortgage indebtedness as fixed by provisions of the bond and mortgage, occurred at the expiration of thirty days' default in the payment of interest, installment of principal or municipal tax or assessment.
The bond and mortgage do not so provide. They provide for the maturity of $120 of the principal debt on November 9th, 1930, and a like amount thereof each six months thereafter until November 9th, 1932, when the balance ($4,320) is made due and payable. The instruments also provide that upon a thirty-day default the entire mortgage debt shall become immediately due and payable "at the option of the mortgagee." This is very different from a definite provision *Page 391 
that the mortgage debt shall become due and matured at the date of such default; the acceleration of maturity only occurs if the mortgagee exercise his option. The answers contain no allegation of any such exercise.
Complainant is entitled to order striking out paragraphs 10 to 16 inclusive, and striking out also the denial of deficiency in paragraph 8. The remainder of the answer admits the allegations of the bill, and complainant is entitled to decree pro con and order to take proofs — there being other defendants who have not answered.