The bill is to recover from a mortgagor and two successive grantees who assumed the mortgage debt, the deficiency on the mortgagor's bonds after sale in foreclosure of the mortgaged premises. The bondsman-mortgagor objects, that as against him the complainant has an adequate remedy at law, wherefore equity is without jurisdiction.
If the suit were solely against the bondsman, the remedy would be at law. Princeton Savings Bank v. Martin, 54 N.J. Eq. 435.
But the bill also seeks his securities, his indemnity, the promise of his grantee and of the latter's grantee to pay the mortgage debt, and for this the remedy at law is adequate.Klapworth v. Dressler and Ise, 13 N.J. Eq. 62. The complainant has both a legal and an equitable remedy for the common cause of action and the latter being the more nearly adequate, is available. The point is settled in Holland ReformSchool Society v. DeLazier, 85 N.J. Eq. 497. There the mortgagor, having paid the mortgage debt deficiency after foreclosure, brought his bill against his grantee, who had assumed to pay the mortgage as part of the consideration for the conveyance. For this there was a remedy at law. The grantee had conveyed and his vendee had also assumed the payment of the mortgage. Against the vendee the complainant's cause was purely equitable. In sustaining the order of this court overruling the demurrer by the complainant's grantee, that as to him the remedy was at law, our court of errors and appeals held: "That a court of equity is the only forum in which these various rights and obligations of the complainant and of the two defendants can be adjudicated upon a single suit in such a way as to do complete justice to each of the parties is apparent. That it has *Page 545 
jurisdiction to settle and enforce such rights and obligations, in order to avoid circuity of action is undoubted." In Teitz v.Meano, 107 N.J. Eq. 210, the court of errors and appeals affirmed the decree of this court against the obligor and his grantee who had assumed the debt, for a deficiency on a bond after foreclosure of the mortgage saying that the decree was properly rendered for the deficiency against both defendants. InPrudential Insurance Co. v. Rosenthal, 109 N.J. Eq. 386, a suit to recover the deficiency on a bond after foreclosure of the mortgage from the obligors and their grantees who had assumed, Vice-Chancellor Buchanan decreed against all the parties. Vice-Chancellor Berry, in Howell v. Baker, 106 N.J. Eq. 434,
entertained no doubt of the jurisdiction. Counsel for the objecting defendant relies on Giesy v. Gregory, 15 App.
(District of Columbia) 49. It is not an opposing authority. There, on demurrer by the obligor to the bill to recover from him and his grantee and subsequent grantee who had assumed the debt, the court held that as the obligor had severed from the other defendants, the cause stood alone against him and that the legal rights against him were not enforceable under the bill as framed, but gave leave to amend upon the theory that the assumption of the mortgage debt by the grantee was additional security, the enforcement of which gave jurisdiction to equity, and that as the recoverable deficiency is not the deficiency on the bond, but the deficiency which remains after the additional security is exhausted "the bill of complaint was susceptible of amendment so as to show a cause wholly and properly cognizable in equity." The court took a by-way to our highway to reach the same destination. The motion to strike is denied. *Page 546