This is a suit to recover a deficiency after a mortgage foreclosure, in which the original mortgagors and their assuming grantees are named as defendants. The mortgagors contend that the complainants, assignors of the mortgagee, have an adequate remedy at law against the mortgagors and that this court has no jurisdiction.
It is, of course, well settled that in the ordinary case where a mortgagor has conveyed to a grantee who assumes the mortgage, the assuming grantee in equity becomes the principal debtor and the mortgagor merely a surety.
Uptown Building and Loan Association v. Leff, 112 N.J. Eq. 543,
which cites the various authorities.
The mortgagors contend that the ordinary rule is not applicable because of the fact that after a default by the assuming grantee, a judgment at law was recovered by the *Page 432 
mortgagors against the grantees for the amount of the deficiency. It is argued on their behalf that this judgment extinguished the obligation of the covenant of assumption. They cite Cox v.Marlatt, 36 N.J. Law 389, in which the court says thus:
"It has also been held that the prior contract or right of action is extinguished by the judgment, as a higher security. The judgment is called a debt of record, which is the highest security a party can obtain at law."
It is then contended that since the covenant of assumption is extinguished, there is no right of action against the assuming grantees, the only right remaining being against the mortgagors on the bond, and that this is a right for which there is an adequate and sole remedy at law.
I do not consider this contention sound. While it is true that the discharge of an assuming grantee by agreement, reconveyance or otherwise, releases the grantee and leaves the grantor solely liable, I cannot find that the grantees in the instant case have been relieved of liability, in the absence of proof of payment of the judgment obtained against them by the mortgagees.
As is stated in Green v. Stone, 54 N.J. Eq. 387 (at p.390):
"By a well settled doctrine of equity the mortgagee as a creditor may, by way of subrogation, have the benefit of all collateral obligations which a person standing in the situation of a surety for another holds for his indemnity. The contract being with the grantor for his indemnity, may be released or discharged by him at any time before the mortgagee proceeds to enforce his rights against the grantee; but if at the time suit is brought by him, the obligation of the grantee to pay the mortgage debt is in existence undischarged, his remedy against the grantee is complete."
The obligation of assumption has not been met, but in fact was defaulted. There has been merely a substitution of a judgment in place of the covenant. This judgment seems clearly to be a collateral obligation which a person standing in the situation of a surety for others has received for his indemnity. *Page 433 
The assuming grantee should, of course, not be compelled to pay twice, and the decree can guard against this by providing that payment, if made by the grantee, shall be in satisfaction of the judgment obtained by the mortgagors. A decree accordingly will be advised.