FIDELITY UNION TRUST COMPANY and CHARLES W. STOVER, substituted trustees under the last will and testament of C. E. Henry Stengel, deceased, complainants-appellants,

*v.*

JACOB G. GUTERL et al., defendants, and NICHOLAS W. D'ELIA, defendant-respondent.

[Submitted May term, 1941.   Decided October 20th, 1941.]

*Mr. Charles W. Stover (Mr. Anthony P. LaPorta,* of counsel), for the appellants.

*Mr. Saul Nemser (Mr. Joseph Moritz,* on the brief), for the respondent.

The opinion of the court was delivered by

HEHER, J.

The bill of complaint prays the foreclosure of a mortgage on real property executed by the Merdel Mortgage Investment Company to secure a bond made by it, the respondent D'Elia, and the defendants Guterl, Mertens and Darling, purportedly as joint obligors. The lands were subsequently conveyed to Guterl; and, in consideration of his collateral bond, the mortgagee extended the stipulated time for the payment of the mortgage debt. The respondent interposed an answer and counter-claim averring that there was nothing due on the bond and mortgage; that, while on the face of the bond the obligation is joint, he executed the instrument "at the special instance and request" of the mortgagee, and "as surety for" the mortgagor; that, "by the conveyance" of the land to him, Guterl "assumed the payment" of the bond and mortgage, to the knowledge of the then mortgagee, who likewise was aware at that time, as well as at the time of the execution of the extension agreement, that respondent "was a surety on the bond;" and that, by reason of the premises, respondent "has been released and discharged from all liability" on the bond, "and is entitled to exoneration."

Complainants moved to strike out the answer and counter-claim for want of equity, or, in the alternative, for an order deferring "action on the answer and counter-claim until the completion of the foreclosure suit," and directing a reference to a master to state the amount due upon the mortgage. The counter-claim was further challenged on the ground that its subject-matter is not germane to the cause of action pleaded in the bill. The motion to strike out was "denied and continued over until final hearing;" and it was further provided in the order that the alternative motion for an order of refer-

ence be denied, and that the bill, answer and counter-claim "be brought on for final hearing to be heard and tried together after issue is joined." This disposition is challenged as in violation of complainants' substantial rights.

The sole material issue of fact raised by the pleadings is as to the existence and *quantum* of the mortgage debt. The question of liability for such deficiency as may arise upon the foreclosure of the mortgage is not triable in the foreclosure proceedings. That is one to be determined in the action to recover the deficiency. *Montclair Savings Bank* v. *Sylvester, 122 N. J. Eq. 518.* The allegations of suretyship and the discharge of the surety's obligation by an alteration of the principal debtor's undertaking, without the surety's consent, introduced wholly immaterial matters into this suit. Respondent may not have a stay of the foreclosure proceedings, or of a sale of the mortgaged lands under a decree therein, until the question of his liability on the bond shall have been adjudicated. These particular averments of the answer should therefore have been struck out, and the usual proceeding had to take an account of the amount due upon the mortgage.

And there is no ground for retaining the counter-claim pending the sale of the lands in foreclosure. There may not be a deficiency; and, if there should be, respondent may then invoke equitable jurisdiction if he finds the remedy at law is inadequate. *Vide National Newark and Essex Banking Co.* v. *Vangold Realty Co., 125 N. J. Eq. 293.* No reason is assigned here for entertaining a bill to exonerate the surety before a deficiency is found. As to the circumstances calling for equitable interposition in aid of such a defense to an action at law, see *Linn* v. *Neldon's Admr., 23 N. J. Eq. 169; Pintard* v. *Davis, 21 N. J. Law 632; Paulin* v. *Kaighn, 29 N. J. Law 480; Anthony* v. *Fritts, 45 N. J. Law 1; Shute* v. *Taylor, 61 N. J. Law 256; Palmer* v. *White, 65 N. J. Law 69; Rosenstein* v. *Rosenstein, 116 N. J. Law 517; Burack* v. *Mayers, 121 N. J. Eq. 135; affirmed, 122 N. J. Eq. 5; Slatoff* v. *Theurich, 123 N. J. Eq. 593.*

These considerations are dispositive of the point made by respondent that, under Chancery rule 69, it was within the

discretionary authority of the Chancellor thus to continue the motion to strike to final hearing, and the order is therefore not appealable.

Delay in the prosecution of the foreclosure proceedings incident to the injection of immaterial issues constitutes an impairment of the essential rights of the mortgagee; and complainants are therefore aggrieved by the order under review within the intendment of *R. S. 1937, 2:29-117*. There is no occasion to elaborate. *Vide Fidelity Union Trust Co.* v. *Dreyfuss, 121 N. J. Eq. 281.*

The order under review is accordingly reversed, with costs; and the cause is remanded for further proceedings in conformity with this opinion.

*For affirmance*—PARKER, DONGES, WELLS, THOMPSON, JJ. 4.

*For reversal*—THE CHIEF-JUSTICE, CASE, BODINE, HEHER, PERSKIE, PORTER, COLIE, DEAR, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 11.