This is a motion to strike the counter-claim and the first sentence in paragraph 12 and the second sentence in paragraph 14 of the answer filed by the defendants Richard C. Cook and Laura C. Cook in a proceeding to foreclose a mortgage made by the counter-claimants to the Fidelity Union Trust Company on May 24th, 1923. The counter-claim among other things prays that complainant Fidelity Union Trust Company and Charles W. Stover, as trustees under the last will and testament of C.E. Henry Stengel, deceased, make discovery and for exoneration from Annie May Stengel for payment of the mortgage debt.
Annie May Stengel became liable for the payment of the mortgage debt in the year 1925. The Fidelity Union Trust Company was appointed as substituted trustee of the Stengel estate in 1936 and for the ten years prior to its appointment as substituted trustee the mortgage was past due, during all of which time the counter-claimants, the original mortgagors who alleged themselves to be sureties, did nothing to pay the same or seek redress against Annie May Stengel for not paying the same under the covenant of assumption.
The counter-claim alleges that the Cooks conveyed the mortgaged premises on April 29th, 1925, to Annie May Stengel, who expressly assumed payment of the mortgage debt; that Annie May Stengel was a life tenant under the will of her husband, C.E. Henry Stengel, who died April 19th, 1914, and that the Fidelity Union Trust Company and Charles W. Stover were appointed December 17th, 1936, substituted trustees under the last will and testament of C.E. Henry Stengel, deceased, and qualified and are still acting as such; that the mortgage matured in 1926 and remains unpaid. *Page 395 
The transaction giving rise to the liability of Annie May Stengel for the mortgage debt was one between the Cooks and Annie May Stengel alone to which the Fidelity Union Trust Company as trustee as holder of the mortgage was a stranger. The basis for relief alleged by the counter-claimants is predicated by their solicitor on the circumstance that the Fidelity Union Trust Company is one of the substituted trustees of the Stengel estate, and is also, as trustee, the holder of the mortgage, and from this situation the counter-claimants allege that there exists a conflict of interest; that the Fidelity Union Trust Company as mortgagee, is a creditor of itself as one of the trustees under the last will and testament of C.E. Henry Stengel, deceased.
The mere fact that Annie May Stengel happens to be a beneficiary of the Stengel estate of which the Fidelity Union Trust Company is one of the trustees, does not render the estate liable for payment of the mortgage debt nor impose upon the trustees a duty to pay Mrs. Stengel's debt. No right of set-off exists between the Fidelity Union Trust Company as mortgagee and the Stengel estate since the Stengel estate is in no way indebted to the mortgagee, Fidelity Union Trust Company as trustee. The Stengel estate owes the Fidelity Union Trust Company as trustee, nothing. Nor do the substituted trustees of the Stengel estate owe the Fidelity Union Trust Company, as trustee, the holder of the mortgage, anything. Both counter-claimants, the Cooks, who are the original mortgagors, and Annie May Stengel, are liable to the Fidelity Union Trust Company as mortgagee for the payment of the mortgage debt. As between the Cooks and Mrs. Stengel, the liability may be that of principal and surety as alleged in the counter-claim, but if that be so, this of itself does not enlarge the rights of the mortgagee, Fidelity Union Trust Company, trustee, to such an extent that it can apply assets belonging to any of these debtors in satisfaction of the mortgage prior to foreclosure of the mortgage as the statute requires. After foreclosure and in the event of recovery of a deficiency judgment, the mortgagee may well levy upon Mrs. Stengel's interest in the Stengel estate; but prior to foreclosure Mrs. Stengel's right in the Stengel estate *Page 396 
cannot be appropriated by the mortgagee, by way of counter-claim, set-off or otherwise.
It is not alleged in the counter-claim that the Cooks have attempted to pay off the mortgage debt as sureties or otherwise and thus become subrogated to the security and entitled to recover the debt from Mrs. Stengel. All that appears is that the mortgagee is pursuing its remedy to compel payment of the mortgage debt by resort to the procedure outlined by the statute which requires foreclosure in the first instance before resort can be had to personal liability. The counter-claim has for its purpose an attempt by an alleged surety to compel the creditor to resort to an alleged primary obligor before going against a surety. Such procedure finds no support in law.
In Pintard v. Davis (Court of Errors and Appeals),21 N.J. Law 632, it was held: "* * * The undertaking of such surety is absolute. It is his business to see whether the principal pays, and not that of the creditor. If he lies by, and the insolvency of the principal intervenes, he must abide by the loss, and cannot throw it on the creditor. Mere delay to require payment, without any binding contract for that purpose, and without fraud, will not discharge a surety; and upon the factsof this plea there could be no relief even in Chancery. * * *." (Italics mine.) To the same effect is the holding in Brick ads.Freehold National Banking Co., 37 N.J. Law 307, 308. "Mere voluntary forbearance or delay by a mortgagee in foreclosing a mortgage does not operate to discharge or exonerate, in whole or in part, either the original mortgagor or subsequent grantees who have assumed payment of the mortgage debt." Prudential InsuranceCompany of America v. Rosenthal, 109 N.J. Eq. 386;157 Atl. Rep. 668.
The counter-claimants pray exoneration of the debt and injunction to compel the Fidelity Union Trust Company, trustee, to withhold a portion of Mrs. Stengel's income sufficient to pay any mortgage deficiency. "* * * Liability for deficiency, in so far as it depends upon matters not necessary to an adjudication of the right to foreclose, i.e., to resort to the mortgaged lands for satisfaction of the indebtedness, *Page 397 
is a matter not cognizable in the foreclosure proceedings. That is the issue to be determined in the action on the bond. Even though the obligor be absolved from all liability on his underlying obligation, the mortgagee may yet be entitled to a decree of foreclosure * * *." Montclair Savings Bank v.Sylvester, 122 N.J. Eq. 518, 522; 194 Atl. Rep. 811.
In Fidelity Union Trust Co. v. Guterl, 130 N.J. Eq. 404;22 Atl. Rep. 2d 233, suit was brought to foreclose a mortgage. Complainants moved to strike out the answer and counter-claim in which counter-claim it was averred that there was nothing due on the bond and mortgage; that by reason of conveyance of the mortgaged premises to Guterl he had assumed payment of the bond and mortgage and the surety released and discharged from liability on the bond and so entitled to exoneration. The motion to strike the counter-claim was denied and the matter continued until final hearing. This disposition was challenged as in violation of complainants' rights. The Court of Errors and Appeals held: "* * * The question of liability for such deficiency as may arise upon the foreclosure of the mortgage is not triable in the foreclosure proceedings. That is one to be determined in the action to recover the deficiency. MontclairSavings Bank v. Sylvester, 122 N.J. Eq. 518. The allegations of suretyship and the discharge of the surety's obligation by an alteration of the principal debtor's undertaking, without the surety's consent, introduced wholly immaterial matters into this suit. Respondent may not have a stay of the foreclosure proceedings, or of a sale of the mortgaged lands under a decree therein, until the question of his liability on the bond shall have been adjudicated. These particular averments of the answer should therefore have been struck out, and the usual proceeding had to take an account of the amount due upon the mortgage.
"And there is no ground for retaining the counter-claim pending the sale of the lands in foreclosure. There may not be a deficiency; and, if there should be, respondent may then invoke equitable jurisdiction if he finds the remedy at law is inadequate. * * *"
 The motion to strike is granted. Present an order. *Page 398