J-S09010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCUS DUANE COLE | : | |
| | : | |
| Appellant | : | No. 276 EDA 2024 |

Appeal from the Judgment of Sentence Entered October 17, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003281-2022

BEFORE: LAZARUS, P.J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:                    **FILED JUNE 3, 2025**

Marcus Duane Cole appeals from the judgment of sentence, entered in the Court of Common Pleas of Chester County, following his convictions to one count each of kidnapping—facilitate felony,[1] kidnapping—inflict bodily injury or terrorize,[2] aggravated assault—attempt to cause serious bodily injury,[3] aggravated assault—bodily injury with deadly weapon,[4] strangulation,[5]

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2901(a)(2).

[2] *Id.* at § 2901(a)(3).

[3] *Id.* at § 2702(a)(1).

[4] *Id.* at § 2702(a)(4).

[5] *Id.* at § 2718(a)(1).

burglary,[6] terroristic threats,[7] recklessly endangering another person (REAP),[8] false imprisonment,[9] simple assault,[10] and possessing instruments of a crime (PIC).[11]  After review, we affirm.

On August 15, 2022,[12] Cole forced his way into the residence of his then-girlfriend, Crystelynn Little.  She told him to leave, but Cole refused.  Instead, Cole ripped Little's dress and used pieces of it to tie her hands to her ankles while threatening to kill her.  Cole kept Little hostage from approximately 10:30 p.m. on August 15, 2022, until 6:30 a.m. the next day.  During those eight hours, Cole repeatedly used the belt of Little's dress, and his own hands, to choke her.  Before leaving, Cole threatened Little and told her not to go to the police.  Little was scared for her life during the attack and afterwards because Cole lived near her home.  Little confided in her friend who

_____

[6] *Id.* at § 3502(a)(1)(i).

[7] *Id.* at § 2706(a)(1).

[8] *Id.* at § 2705.

[9] *Id.* at § 2903(a).

[10] *Id.* at § 2701(a)(1).

[11] *Id.* at § 907(a).

[12] We note that these events occurred after Cole had posted bail at trial court docket number CP-15-CR-0003038-2020, which is docketed in this Court at appellate docket 275 EDA 2024.

- 2 -

encouraged Little to go to the police. Ultimately, Little reported the attack to the police, who were able to observe the injuries on her neck.

As a result of this incident, Cole was charged with two counts each of strangulation, aggravated assault, criminal trespass, kidnapping, simple assault, and PIC, and one count each of burglary, terroristic threats, REAP, and false imprisonment. Cole filed a motion in limine to preclude evidence of his six prior domestic violence convictions under Pa.R.E. 404(b). The Commonwealth filed a response and, ultimately, the parties agreed to a stipulation, which was admitted at trial.

Ater a jury trial, Cole was found not guilty of one count of strangulation, one count of simple assault, one count of PIC, and both counts of criminal trespass. Cole was convicted of the remaining offenses, detailed above. The trial court deferred sentencing and directed the preparation of a pre-sentence investigation report (PSI).

On October 17, 2023, Cole was sentenced to the following periods of incarceration: five to ten years for his strangulation conviction; ten to twenty years for his aggravated assault—attempt to cause serious bodily injury conviction; five to ten years for his aggravated assault—bodily injury with deadly weapon conviction; six to twelve years for his burglary conviction; eight to sixteen years for each of his kidnapping convictions; one to two years for his terroristic threats conviction; one to two years for his PIC conviction; and no further penalty for his REAP, false imprisonment, and simple assault convictions. The trial court imposed Cole's sentences for strangulation,

aggravated assault, burglary, and kidnapping consecutively to each other and the remaining sentences concurrently, which resulted in an aggregate term of 42 to 84 years' incarceration.[13] Cole filed a timely post-sentence motion, which the trial court denied on December 19, 2023.

Cole filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Cole now raises the following claims for our review:

[1.] Whether the evidence was legally insufficient to establish the elements of burglary beyond a reasonable doubt?

[2.] Whether the evidence was legally insufficient to establish the crimes of kidnapping and false imprisonment?

[3.] Whether the evidence was legally insufficient to establish [Cole's] other convictions?

[4.] Whether the jury's verdict was against the weight of the evidence, warranting a new trial?

[5.] Whether the [trial] court abused its discretion by admitting all of [Cole's] prior convictions for domestic violence against other people as far back as 2004?

[6.] Whether the [trial] court abused its discretion by imposing an arbitrarily excessive sentence that failed to consider mitigating factors?

---

[13] Cole was sentenced on another domestic violence case on the same day. Cole appealed that sentence as well, and it is docketed at 275 EDA 2024. At 275 EDA 2024, Cole received an aggregate sentence of 15 to 30 years' incarceration for his violent assault of Jennifer McClure on July 14, 2020. In that assault, Cole, in addition to strangling McClure, forced his entire hand into her mouth with such force that it broke her jaw. Cole's sentences at 275 EDA 2024 and 276 EDA 2024 were imposed consecutively, resulting in an aggregate sentence of 57 to 114 years' incarceration.

Brief for Appellant, at 9-10 (reordered for ease of disposition).

In his first, second, and third claims, which we address together, Cole argues that the Commonwealth presented insufficient evidence to sustain any of his twelve convictions. *See id.* at 32-38.

Upon review of his brief, we conclude that Cole has waived all of these challenges by failing to comply with our briefing requirements. Cole's six-page argument on these claims purports to challenge the sufficiency of evidence of **twelve** different convictions. *See id.* In doing so, Cole cites to only two relevant crimes code provisions.[14] *See id.* Additionally, Cole fails to

_____

[14] As we discuss *infra*, Cole also conflates each of his sufficiency challenges with weight challenges, which is an additional basis for waiver. Nevertheless, with respect to his burglary conviction, Cole argues that the Commonwealth presented insufficient evidence to sustain his conviction of burglary where he was not prohibited from entering the structure. *See id.* at 34. However, at trial, Little testified that Cole **forced** his way into her home. *See* N.T. Jury Trial (Day 1), 7/19/23, at 64 (Little testifying Cole "shoved" and "pushed" his way into her apartment). In evaluating sufficiency claims, we are required to consider the evidence produced at trial in the light most favorable to the verdict winner, here, the Commonwealth. *See Commonwealth v. Smith*, 97 A.3d 782, 790 (Pa. Super. 2014) (citation omitted). Thus, even if Cole had preserved this claim, the jury clearly believed Little's testimony that Cole had forced his way into the home and, consequently, the evidence is sufficient to support his burglary conviction. *See id.*; *see also* Trial Court Opinion, 10/7/24, at 4-5.

Moreover, to the extent that Cole asserts the jury acquitted him of criminal trespass and, thus, he must also be acquitted of burglary, this argument fails even if it had been preserved. Importantly, inconsistent verdicts proper as long as the evidence is sufficient to support the convictions. *See Commonwealth v. Gillen*, 798 A.2d 225 (Pa. Super. 2002). As we concluded above, viewing the evidence in the light most favorable to the Commonwealth, the evidence is sufficient to support Cole's burglary conviction and, therefore, this claim fails.

argue which elements, of the crimes, were not satisfied, and cites to no supporting case law, and offers no citations to the record. ***See id.***; ***see also*** Pa.R.A.P. 2119(a) (providing appellant's arguments shall include "such discussion and citation of authorities as are deemed pertinent"); ***Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) ("where an appellate brief fails to . . . develop the issue in any [] meaningful fashion capable of review, that claim is waived"); ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (explaining appellant must "present arguments that are sufficiently developed for our review. . . . This Court will not act as counsel and will not develop arguments on behalf of an appellant.").

Moreover, throughout his entire argument on these claims, Cole constantly conflates his sufficiency challenges with weight of the evidence challenges. ***See Commonwealth v. Widmer***, 744 A.2d 745, 751-52 (Pa. 2000) (explaining differences between sufficiency and weight challenges). Specifically, in his brief on these claims, Cole relies upon Little's alleged lack of credibility and inconsistent statements. ***See*** Brief for Appellant, at 32-38. However, these contentions are more properly construed as weight of the evidence arguments, because, in analyzing sufficiency claims, this Court is required to consider all of the evidence in the light most favorable to the Commonwealth as the verdict winner and may not reweigh the evidence or make credibility determinations. ***See Commonwealth v. Smith***, 97 A.3d 782, 790 (Pa. Super. 2014) (appellate court must view all evidence in light most favorable to verdict winner and may not reweigh evidence or substitute

its judgment for that of jury); *see also Commonwealth v. Watkins*, 843 A.2d 1203, 1211 (Pa. 2003) (trier of fact, while passing upon credibility of witnesses and evidence, is free to believe all, part, or none of evidence). Furthermore, Cole appears to be aware of this distinction, as he has properly preserved and argued those exact weight challenges in his fourth issue, which we address below.

Based upon the foregoing, we conclude that Cole's sufficiency claims are waived due to deficient briefing and because he misconstrues them as weight claims in violation of our case law. *See Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (weight claim masquerading as sufficiency claim subject to dismissal). Accordingly, these claims are waived.

In his fourth claim, Cole contends that the jury's verdict was against the weight of the evidence. *See* Brief for Appellant, at 38-40. Cole avers that Little's testimony was inconsistent and wholly incredible and, thus, the jury's verdict shocks the conscience and warrants a new trial. *See id.* We disagree.

Our standard of review is well-settled. "Appellate review of a weight claim is a review of the [trial court's] exercise of discretion, **not of the underlying question of whether the verdict is against the weight of the evidence**." *Widmer*, 744 A.2d at 753 (emphasis added, citation omitted). Where the trial judge has had the opportunity to hear and see the evidence presented, "an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination[.]" *Id.* (citing *Commonwealth v. Farquharson*, 354

A.2d 545 (Pa. 1976)). The weight of the evidence is one of the least assailable reasons for granting or denying a new trial. **See Widmer**, **supra**.

Nevertheless, a trial court's exercise of discretion is not unfettered. **See id.** The "propriety of the exercise of discretion in such an instance may be assessed by the appellate [Court] when it is apparent that there was an abuse of that discretion." **Id.** Moreover, the trier of fact "while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." **Commonwealth v. Britton**, 134 A.3d 83, 86 (Pa. Super. 2016).

Instantly, the trial court explained that the Commonwealth's witnesses were credible, and that the jury believed the evidence presented by the Commonwealth. **See** Trial Court Opinion, 10/7/24, at 5-6. Further, the jury was free to believe all, part, or none of the evidence. **See Britton**, **supra**. Thus, we conclude that the trial court did not abuse its discretion in determining that the jury's verdict did not shock the conscience. **See Widmer**, **supra**. Accordingly, Cole is entitled to no relief.

In his fifth claim, Cole argues that the trial court erred in admitting evidence of his prior domestic violence convictions in violation of Pa.R.E. 404(b). **See** Brief for Appellant, at 27-31. In particular, Cole asserts that the Commonwealth failed to demonstrate that any of his prior convictions were relevant or satisfied one of the exceptions set forth in Rule 404(b). **See id.** at 30-31.

We conclude that Cole has waived this claim by conceding it before the trial court. We acknowledge that Cole filed a motion in limine to preclude admission of his prior convictions. However, between the filing of that motion and trial, the record reveals that the Commonwealth and Cole came to an agreement and entered the following stipulation, which was read to the jury at trial:

District Attorney Nicole Morley: Your Honor the Commonwealth at this time would like to proceed by way of stipulation.

* * *

Defense Counsel: **No objection, your Honor**.

Attorney Morley: In the case of [] Cole, [this stipulation] was signed on the 19th of July. So, it says: And now this 19th day of July 2023, **it's hereby stipulated and agreed between [] Cole through his attorney Brian L. McCarthy, Esquire, and the Commonwealth, through [] Attorney [] Morley, Esquire, and Deputy District Attorney[] Bonnie Cox-Shaw, Esquire, [that] Cole pled guilty in the following Chester County cases to offenses**, which this Court has determined that under the law constituted prior bad acts that are admissible in this trial for the purpose of showing intent, motive, common plan or scheme, absence of mistake[,] or absence of accidental injury:

Number 1, in case number 4438-2004, [] Cole, pled guilty on January 5th of 2005 to the crime of simple assault, and the facts that supported the plea are as follows: That on July 11, 2004, the victim, Jasmine Loper, who at the time of this offense was involved in a domestic relationship with [Cole] informed police that the defendant grabbed her by the neck and threatened her.

Number 2, in case number 4437-2004, [] Cole, pled guilty on January 5th of 2005, to the crime of simple assault, and the facts that supported that plea are as follows: That on or about July 17, 2004, the victim, [] Loper, who at the time of this offense was involved in a domestic relationship with [Cole] asked that an

- 9 -

officer be dispatched to [Loper]'s residence and informed police that she had a fight with [Cole] and was badly beaten.

Number 3, in case number 2431 of 2006, [] Cole, pled guilty on August 31, 2006, to the crime of simple assault that occurred in February 18, 2006, where the victim was Morgan Flowers[,] who at the time of this offense was involved in a domestic relationship with [Cole].

Number 4, in case number 589 of 2013, [] Cole, pled guilty on December 16, 2013, to the crimes of simple assault and terroristic threats, and the facts that supported that plea are as follows: That on February 4, 2013, [] Cole did strike the victim, Jessica Rivera, who at the time of these offenses was involved in a domestic relationship with [Cole,] causing bodily injury and did threaten her during confrontation to cause serious injury.

Number 5, in case number 2746 of 2016, [] Cole, pled guilty on September 21, 2017, to the crimes of simple assault and [REAP], and the facts that supported that plea are as follows: That on July 14, 2016, [] Cole, got into a physical and verbal altercation with [] Rivera, who at the time of the these offenses was involved in a domestic relationship with [Cole], and during the course of this event threatened to kill her and cause[d] bodily injury to her. His actions placed her at risk of serious bodily injury.

Number 6, in case number 3038 of 2020, [] Cole, pled guilty on July 17th of 2023, to the crimes of aggravated assault caus[ing] serious bodily injury and strangulation, [] and the facts that supported that plea are as follows: That on July 13, 2020, [] Cole, assaulted the victim, Jennifer McClure, who at the time of these offenses was involved in a domestic relationship with [Cole], by breaking her jaw, which constituted serious bodily injury and strangled her with a towel using it as an instrument of crime restricting her ability to breathe.

This is signed by [Attorney] McCarthy, [Attorney] Morley, and [Attorney] Cox-Shaw[.]

Defense Counsel: **No objection**.

N.T. Jury Trial (Day 2), 7/20/23, at 128-31 (unnecessary capitalization omitted, emphasis added).

- 10 -

Based upon the above stipulation, we conclude that Cole has waived his Rule 404(b) challenge. Indeed, he stipulated to the Commonwealth's statement and now argues that the trial court erred in allowing the stipulation. It is clear from the record that not only did he agree to the stipulation, but, apparently, **had no objection to it**. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); *see also Commonwealth v. Williams*, 900 A.2d 906, 909 (Pa. Super. 2006) ("including an issue in a [Rule] 1925(b) [c]oncise [s]tatement does not revive issues that were waived in earlier proceedings"). Thus, this claim is waived, as it has not been properly preserved for our review.[15]

In his last claim, Cole challenges the discretionary aspects of his sentence, from which there is no automatic right to appeal. *See Commonwealth v. Austin*, 66 A.3d 798, 807-08 (Pa. Super. 2013). Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997). Prior to reaching the merits of a discretionary sentencing issue,

---

[15] Furthermore, it is unclear to this Court whether this stipulation is the particular "error" Cole complains of because he does not cite to where in the record the alleged error occurred. *See* Pa.R.A.P. 2119(e) ("[w]here under applicable law an issue is not reviewable on appeal unless raised or preserved below, the argument must set forth . . . either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto as required by Pa.R.A.P. 2117(c)"). Thus, Cole's Rule 404(b) claim is waived on this basis as well.

[this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Instantly, Cole has filed a timely notice of appeal, post-sentence motion, and properly included a Rule 2119(f) statement in his brief. We next consider whether he has raised a substantial question for our review.

Whether a particular issue constitutes a substantial question about the appropriateness of the sentence is a question to be evaluated on a case-by-case basis. ***See Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001). This Court does not accept bald assertions of sentencing errors. ***See Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006). Rather, an appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. ***See Commonwealth v. Ferguson***, 893 A.2d 735, 737 (Pa. Super. 2006).

Cole argues that the trial court, in fashioning his sentence, failed to consider any mitigating factors and that the resulting aggregate 42 to 84 year sentence was excessive. ***See*** Brief for Appellant, at 12. In particular, Cole

alleges that the trial court failed to consider the abuse he suffered as a child, and his need for mental health and drug treatment. *See id.*

We conclude that Cole has raised a substantial question for our review. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (excessive sentence claim combined with claim court failed to consider mitigating factors raises substantial question); *see also Commonwealth v. Coulverson*, 34 A.3d 135, 143 (Pa. Super. 2011) (finding substantial question where appellant argued trial court focused on seriousness of offense and did not consider rehabilitative needs). Accordingly, we review the discretionary aspects of Cole's sentence.

We adhere to the following standard of review:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Carr*, 262 A.3d 561, 568 (Pa. Super. 2021) (citation omitted).

A sentencing judge has broad discretion in determining a reasonable penalty, and appellate courts afford the sentencing court great deference, as it is the sentencing court that is in the best position to "view the defendant's character, displays of remorse, defiance or indifference[,] and the overall effect and nature of the crime." *Commonwealth v. Walls*, 926 A.2d 957,

961 (Pa. 2007) (citation omitted). When imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[A] court is required to consider the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa. Super. 2002). In particular, the sentencing court should refer to the defendant's prior criminal record, his age, personal characteristics, and his potential for rehabilitation. ***Id.*** Further, "where the trial court is informed by a [PSI], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted).

At the sentencing hearing, the trial court placed the following reasons on the record:

> I have thought about this case extensively since it was last in front of me . . . [t]he facts are indeed terrible.
>
> * * *
>
> I will say, [] Little, that I appreciate your comments today. I heard them. I know the jury heard you when you testified, and I know it was not easy, and it is my hope that after I impose this sentence that [] Cole hears you. Because the sentence I'm going to give him is going to afford him a lot of time for self-reflection.
>
> * * *

Cole, you have received chance after chance[,] time after time[,] to try to do the right thing, and it is not lost on any—that within a short period of time of being left to your own devices on the streets that you continue your reign of terror on the women of Chester County,[16] and that is going to stop today.

You've had opportunities to change. You did not take advantage of them. So today that will stop. I have . . . fashioned [a] sentence [and] I am taking into account the [PSI].

I am taking into account the sentencing memorandum of both the defense and the prosecution, the victim impact statement, the guidelines, [] the facts, and [Cole's] history[.] As well as the need to protect the community, and the fact that it seems as if an attempt to rehabilitate [Cole] time after time has gone without any effect.

N.T. Sentencing hearing, 10/17/23, at 40-43.

Additionally, the trial court explained in its Rules 1925(a) opinion as

follows:

[Cole] was correctly sentenced in accordance with 42 Pa.C.S.A. §[ ]9721 and existing case law. The court took into account all relevant factors and considered the information contained in the [PSI], the protection of the public, the gravity of the offense, and [Cole's] rehabilitative needs and determined that he should be sentenced as stated above. The Commonwealth was actually seeking a longer sentence than the one imposed. They requested a sentence of 10 to 20 years on each charge to be served consecutively, for an aggregate sentence of 60 to 120 years. The court determined that an aggregate sentence of 42 to 84 years was sufficient and appropriate.

The court notes that this was a very trouble[some] case. [Cole] was still under supervision for a prior domestic assault when this incident occurred. He was released from prison in that case in October of 2019. After his release, [] McClure (the victim in [275

_____

[16] The trial court was referencing that, since 2004, Cole has been committing domestic assaults against his paramours, even when he is on probation, parole, and bail for prior domestic assaults.

EDA 2024]) provided a home for [Cole] and his children. Pursuant to the [PSI], [Cole] began assaulting [] McClure as early as January of 2020 while he was still on state parole. [Cole] also tried to intimidate [McClure] so that she would not testify against him. [Cole] was charged with [w]itness intimidation, but that case was nolle prossed in exchange for his [guilty plea to aggravated assault and strangulation]. [Cole] turned himself in on September 4, 2020. A detainer against him was lifted, he made bail[,] and he was released from jail in June of 2022. In August of 2022, he violently assaulted [] Little[, in the instant case, and] terrorized her overnight from August 15-[]16, 2022.

[Cole's] contact with the criminal justice system began in 1993 when he was a juvenile. He had cases against him in 1993, 1994, and 1997 for possession with intent to deliver ([] PWID). He had more PWID cases in 1998 and 1999, when he was an adult. . . . [I]n 2004 [Cole had a domestic violence case]. [Cole] had additional domestic assault cases in 2006, 2009, 2010, 2013[,] and 2016. In each assault, the level of violence escalated. His offenses occurred while he was on probation, on parole, on bail, and while other cases were still pending. He received major breaks in his sentences for the prior cases, and[,] instead of recognizing the chances he was given and doing better, his assaults on women became more and more violent. This information is relevant in determining [Cole's] remorse and his potential for rehabilitation, which are relevant factors to consider when determining a proper sentence.

[Cole] claims that the court should have given more weight to mitigating factors. It is clear that the aggravating factors more than outweighed any mitigation to which [Cole] feels he was entitled. As the Commonwealth pointed out, the only mitigating factor that [it] could find was that [Cole] stopped getting charged with new drug cases.

Trial Court Opinion, 10/7/24, at 10-12 (unnecessary capitalization omitted).

Upon review of the record, we discern no abuse of discretion where the trial court had the benefit of a PSI and properly weighed all the sentencing factors set forth in section 9721. *See Ventura*, *supra*; *see also Commonwealth v. Gonzalez-Dejesus*, 994 A.2d 595, 599 (Pa. Super.

2010) (this Court will not disturb consecutive sentences unless aggregate sentence is "grossly disparate" to defendant's conduct); ***Commonwealth v. Radecki***, 180 A.3d 441, 470 (Pa. Super. 2018) (sentencing courts afforded broad discretion in imposing sentences concurrently or consecutively). Accordingly, we afford Cole no relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/3/2025