J-S14036-16

2016 PA Super 62

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RAYMOND JOSEPH BRITTON, | |
| Appellant | No. 864 MDA 2015 |

Appeal from the Judgment of Sentence April 16, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005108-2013

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.: **FILED MARCH 10, 2016**

Appellant Raymond Joseph Britton appeals from the judgment of sentence entered in the Court of Common Pleas of Berks County. The sentence was imposed after the trial court, sitting without a jury, found Appellant guilty of failure to comply with the registration of sexual offenders requirements.[1]  On appeal, Appellant contends (1) the evidence was insufficient to sustain his conviction; (2) the trial court erred in failing to conclude the Sexual Offender Registration and Notification Act ("SORNA")[2]

---

[1] 18 Pa.C.S.A. § 4915.1.

[2] SORNA, codified at 42 Pa.C.S.A. §§ 9799.10–9799.41, became effective on December 20, 2012.  In this decision, we refer to this statute as "SORNA." Pennsylvania courts have also referred to the current statute as "Megan's Law IV," "Act 111 of 2011," "Adam Walsh Child Protection and Safety Act," and the "Adam Walsh Act." **See, e.g., Commonwealth v. M.W.**, 614 Pa.
(Footnote Continued Next Page)

*Former Justice specially assigned to the Superior Court.

was an *ex post facto* law under the United States and Pennsylvania Constitutions; and (3) the trial court erred in failing to conclude that applying SORNA retroactively resulted in a denial of Appellant's right to counsel. We affirm.

The relevant facts and procedural history are as follows: Charges were filed against Appellant under 18 Pa.C.S.A. § 4915.1, and on March 27, 2014, Appellant filed a counseled pre-trial motion seeking to have SORNA declared unconstitutional. Following a hearing, the trial court denied Appellant's pre-trial motion.

On February 2, 2015, represented by counsel, Appellant proceeded to a bench trial. The parties agreed the case should be considered on the following stipulation of facts, which was marked as the Commonwealth's Exhibit No. 1 and presented to the trial court:

1. On or about July 3, 1989, [Appellant] pled guilty to Rape by Forcible Compulsion, 18 Pa.C.S. [§] 3921, a felony of the first degree[,] and to Kidnapping for Ransom, 18 Pa.C.S. [§] 2901, a felony of the first degree.

2. On or about July 3, 1989, [Appellant] was sentenced to 7 to 15 years' incarceration on the charge of Rape[,] and 2 to 10 years' incarceration on the charge of Kidnapping for Ransom[.] [Thus, Appellant received an aggregate sentence of 9 years to 25 years in prison.]

*(Footnote Continued)* ————————————

633, 39 A.3d 958, 968 (2012) (Baer, J., concurring); ***Coppolino v. Noonan***, 102 A.3d 1254, 1265 (Pa.Cmwlth. 2014) (*en banc*); ***Commonwealth v. Partee***, 86 A.3d 245, 246 (Pa.Super. 2014).

3. At the time of the entry of the guilty pleas, the Commonwealth of Pennsylvania had not enacted any statute for the purpose of requiring those convicted of specific offenses to be classified as a sexual predator and did not require anyone to report their address to law enforcement except for the purpose of complying with any probation or parole or parole supervision as part of their sentence.

4. On or about April 21, 1996, the Commonwealth enacted a statute requiring the reporting of various information to law enforcement by those convicted of specific criminal offenses related to sexual assault or violence.

5. The initial statute, Act 24 of 1995, was referred to commonly as "Megan's Law[.]"

6. The statute has gone through several iterations in the Commonwealth since the original act became effective in the Commonwealth.

7. The current statute, Senate Bill No. 1183, S.B. 1183, became effective December 20, 2012, and is currently part of the nationwide standardization of such registration required of those convicted of specific and violent offenses and is commonly referred to as . . . SORNA[.]

8. [Appellant] has been under both incarceration and parole supervision since the time of his conviction.

9. [Appellant] was informed of his duty to register as a requirement of the previous Megan's [L]aw statutes and the SORNA statute in 2007 and again on September 24, 2013[.]

10.  On or about October 4, 2013[,] Sergeant John Solecki of the Reading Police Department did file criminal charges for [Appellant's] failure to register his place of residence as he did not return to the halfway house after his sign-out on September 29, 2013[,] and his whereabouts were thereafter unknown.

11.  [Appellant] was required to return to the halfway house facility where he was residing within two hours from his signing out in the afternoon of September 29, 2013.

12.    [Appellant] was to have been residing at 417-419 Walnut Street, a state owned halfway house in the City of Reading, Berks County, PA, and had established the halfway house as his residence on the Megan's Law/SORNA registration documentation[.]

13.    [Appellant] left the facility on September 29, 2013[,] by signing himself out of the facility and did not return as detailed in the reports generated by the halfway [house.]

14.    Subsequently, [Appellant] failed to report his change of address, or any current address, to the Pennsylvania State Police or any other law enforcement agency within or without the Commonwealth as required by the SORNA statute.

15.    After the warrants were issued for [Appellant's] arrest, he was subsequently apprehended during a traffic stop in Dauphin County, Pennsylvania on October 4, 2013[,] and was returned to Berks County Prison.

Commonwealth's Exhibit No. 1, filed 2/2/15, at 1-2.

At the conclusion of the bench trial, based on the parties' stipulated facts, the trial court convicted Appellant of the offense indicated *supra*. On April 16, 2015, the trial court sentenced Appellant to forty months to eighty months in prison, and on that same date, Appellant signed an acknowledgment of his post-sentence and appellate rights. Thirteen days later, on April 29, 2015, Appellant filed a counseled motion to file post-sentence motions *nunc pro tunc* wherein he indicated that counsel had intended to file a timely post-sentence motion on Appellant's behalf but was delayed by the death of his uncle. By order entered on May 1, 2015, the trial court granted Appellant's motion to file post-sentence motions *nunc pro tunc*. However, Appellant elected not to file post-sentence motions, and

instead, on Monday, May 18, 2015, Appellant filed a timely,[3] counseled notice of appeal to this Court. All Pa.R.A.P. 1925 requirements have been met.

Appellant's first claim is the evidence was insufficient to sustain his conviction for failure to comply with the registration of sexual offenders requirements under 18 Pa.C.S.A. § 4915.1.

Our standard for reviewing challenges to the sufficiency of the evidence is well settled.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and

---

[3] Since Appellant did not file timely post-sentence motions, his notice of appeal was required to be filed within thirty days of the imposition of his judgment of sentence. Pa.R.A.P. 903(c)(3). Here, we take judicial notice of the fact that the thirtieth day fell on Saturday, May 16, 2015. Thus, Appellant had until Monday, May 18, 2015, to file a timely appeal. 1 Pa.C.S.A. § 1908.

the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Caban***, 60 A.3d 120, 132–33 (Pa.Super. 2012) (quotation omitted).

Appellant's specific sufficiency claim is that, under Section 9799.15(g) of SORNA, he was required to report a change in his residence or a commencement of temporary lodging within three business days; however, the Commonwealth failed to prove three **business** days passed from the time he left the halfway house where he was residing until the time he was arrested by police during a traffic stop in Dauphin County. ***See*** Appellant's Brief at 12-13.

Assuming, *arguendo*, Appellant's interpretation of the statute is correct, we note that, as stipulated to by the parties, Appellant left the halfway house on September 29, 2013, failed to return to the halfway house, and was then arrested in Dauphin County during a traffic stop on October 4, 2013. Appellant acknowledges he stipulated to this evidence, but argues the trial court improperly "looked beyond the record" in concluding September 29, 2013, was a Sunday, and October 4, 2013, was a Friday in order to arrive at the legal conclusion that three **business** days had passed. ***Id.*** We dispose of this assertion by noting the trial court was permitted to utilize common sense, as well as a 2013 calendar, in order take "judicial

notice" of the fact September 29, 2013, fell on a Sunday and October 4, 2013, fell on a Friday.[4] ***Commonwealth v. Brown***, 839 A.2d 433 (Pa.Super. 2003) (holding a judicially noticed fact is one not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned).

Appellant's next claim is the trial court erred in concluding SORNA is not an unconstitutional *ex post facto* law. Essentially, Appellant argues the *Ex Post Facto* Clause of the federal constitution prohibits the retroactive application of the SORNA registration requirement to him such that he could not legally have been found to violate the registration requirements under 18 Pa.C.S.A. § 4915.1. In this vein, he concedes that the legislative intent in enacting SORNA was not punitive in nature. ***See*** Appellant's Brief at 15. However, he contends that under the multi-factor test mandated by ***Kennedy v. Mendoza-Martinez***, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963), the effects of SORNA are sufficiently punitive as to override the legislature's preferred categorization. ***See*** Appellant's Brief at 14-22.

Initially, we note this issue presents a question of law, and therefore, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Elia***, 83 A.3d 254, 266 (Pa.Super. 2013).

---

[4] Appellant does not dispute the trial court is correct that September 29, 2013, fell on a Sunday or that October 4, 2013, fell on a Friday.

In ***Commonwealth v. Perez***, 97 A.3d 747 (Pa.Super. 2014), this Court thoroughly analyzed whether SORNA constitutes an *ex post facto* law under the federal constitution. We observed that such a challenge must be evaluated under a two-step test, which was established by the U.S. Supreme Court in ***Smith v. Doe***, 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003). ***Perez***, 97 A.3d at 751 (indicating that under ***Smith*** the two-step test requires the court to determine (1) whether the legislature intended the statutory scheme to be punitive, and (2) if not, whether the statutory scheme is so punitive in either its purpose or effect so as to negate the legislature's intention).

With regard to the first step under ***Smith***, we held the legislature specifically indicated that SORNA "shall not be construed as punitive[,]" and, therefore, the legislative intent in enacting the law was not to impose punishment. ***Perez***, 97 A.3d at 751 (citing 42 Pa.C.S.A. § 9799.11(b)(2) (emphasis omitted)). Turning to the second step under ***Smith***, this Court addressed whether SORNA constitutes "punishment" under the multi-factor test articulated in ***Mendoza-Martinez***. After a thorough review, we concluded SORNA does not constitute "punishment." ***Perez***, ***supra***. Specifically upon balancing the ***Mendoza-Martinez*** factors, this Court held the following:

> Based on all of the[ ] considerations, we ultimately conclude that [the appellant] has not shown by the "clearest proof" that the effects of SORNA are sufficiently punitive to overcome the General Assembly's preferred categorization.

> Therefore, we further conclude that the retroactive application of SORNA to [the appellant] does not violate the *Ex Post Facto* Clause of the Federal Constitution.

*Perez*, 97 A.3d at 759 (citations omitted). Accordingly, as in *Perez*, we find Appellant is not entitled to relief on his federal *ex post facto* claim.[5]

In his final claim, Appellant phrases his issue as whether applying SORNA retroactively resulted in a denial of his right to counsel with regard to his underlying 1989 guilty plea. However, a review of his argument reveals that his concern is more akin to a claim that the application of SORNA is unconstitutionally punitive as opposed to a mere collateral consequence. Such a constitutional characterization of SORNA, however, has previously been rejected by this Court. *See Commonwealth v. McDonough*, 96 A.3d 1067, 1071 (Pa.Super. 2014) ("The registration provisions of Megan's Law do not constitute criminal punishment. The registration requirement is properly characterized as a collateral consequence of the defendant's plea, as it cannot be considered to have a definite, immediate and largely automatic effect on a defendant's punishment.") (quotation omitted)).

---

[5] Appellant also summarily avers retroactive application of SORNA violates the Pennsylvania Constitution's *Ex Post Facto* Clause. However, as the Commonwealth notes, Appellant failed to set forth an analysis under *Commonwealth v. Edmunds*, 526 Pa. 374, 586 A.2d 887 (1991). Commonwealth's Brief at 13. As this Court held in *Perez*, "[t]he *Edmunds* analysis is mandatory and a failure to provide it precludes the consideration of a state constitutional claim independent of its federal counterpart." *Perez*, 97 A.3d at 760 (citations omitted). Accordingly, we decline to address Appellant's averment further.

For all of the foregoing reasons, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2016