J-S34014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES HUNTER SPENCE | |
| Appellant | No. 1859 MDA 2015 |

Appeal from the Order October 5, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-MD-0001832-2015

BEFORE:  PANELLA, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED JULY 05, 2016**

Appellant, James Hunter Spence, appeals from the October 5, 2015 order denying his Petition to Terminate Sexual Offender Registration. We affirm.

The trial court summarized the history of this case as follows.

> [Appellant] pleaded guilty to Statutory Rape in the Commonwealth of Virginia. As part of his negotiated plea agreement[,] he was sentenced to 90 days['] incarceration and was to register as a sex offender for a period of 10 years. [Appellant's] registration period began on October 29, 2003, and was set to expire on October 29, 2013. Shortly after his release from incarceration in Virginia, [Appellant] moved to the Commonwealth of Pennsylvania. Upon moving to York, Pennsylvania, [Appellant] submitted the proper forms to Interstate Parole Services in order to have his supervision transferred to Pennsylvania. Approximately a month after moving to Pennsylvania, [Appellant] received notice from Virginia that he was to submit a Sexual Offender Registration Notification to Pennsylvania authorities. [Appellant] did so on December 10, 2003.

On December 3, 2012, [Appellant] received notice that there were significant changes to the law regarding sexual offender registration periods. On April 22, 2013, [Appellant] was designated as a Tier 3 sexual offender, and he was informed that instead of having to register for 10 years, he was now required to register for life pursuant to 42 Pa.C.S.A. § 9799.4.

On June 2, 2015, [Appellant], through counsel, filed a motion requesting that [the lower court] terminate [his] registration requirements. [Appellant] argued that the Commonwealth's retroactive application of SORNA to the Petition violated the *ex post facto* clause of both the federal and state constitutions. Upon receiving [Appellant's] motion [the court] scheduled a hearing for August 6, 2015. …

Trial Court Opinion, 10/5/15 at 1-2. Following the hearing, the trial court ordered the parties to submit briefs in support of their respective positions. The trial court subsequently entered an opinion and order denying Appellant's motion to terminate sexual offender registration. This timely appeal followed.

Appellant raises this issue for our review.

Whether the honorable trial court erred in denying the Appellant's petition in that the effects of SORNA violated the *ex post facto* clause in that the effects are not collateral and are punitive and therefore may not be applied retroactively.

Appellant's Brief at 4 (italics added and unnecessary capitalization omitted).

Initially, we note this issue presents a question of law, and therefore, our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Britton**, 134 A.3d 83, 87 (Pa. Super. 2016).

This Court previously addressed whether SORNA constitutes an *ex post facto* law under the federal constitution in **Commonwealth v. Perez**, 97

A.3d 747 (Pa. Super. 2014). We recently summarized our analysis in **Perez** as follows.

> We observed that such a challenge must be evaluated under a two-step test, which was established by the U.S. Supreme Court in **Smith v. Doe**, 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003). **Perez**, 97 A.3d at 751 (indicating that under **Smith** the two-step test requires the court to determine (1) whether the legislature intended the statutory scheme to be punitive, and (2) if not, whether the statutory scheme is so punitive in either its purpose or effect so as to negate the legislature's intention).
>
> With regard to the first step under **Smith**, we held the legislature specifically indicated that SORNA "shall not be construed as punitive[,]" and, therefore, the legislative intent in enacting the law was not to impose punishment. **Perez**, 97 A.3d at 751 (citing 42 Pa.C.S.A. § 9799.11(b)(2) (emphasis omitted)). Turning to the second step under **Smith**, this Court addressed whether SORNA constitutes "punishment" under the multi-factor test articulated in **Mendoza–Martinez**. After a thorough review, we concluded SORNA does not constitute "punishment." **Perez**, **supra**. Specifically upon balancing the **Mendoza–Martinez** factors, this Court held the following:
>
>> Based on all of the[ ] considerations, we ultimately conclude that [the appellant] has not shown by the "clearest proof" that the effects of SORNA are sufficiently punitive to overcome the General Assembly's preferred categorization. Therefore, we further conclude that the retroactive application of SORNA to [the appellant] does not violate the *Ex Post Facto* Clause of the Federal Constitution.

**Britton**, 134 A.3d at 87-88 (citing **Perez**, 97 A.3d at 757).

Here, Appellant does not actually refute the analysis in **Perez**, so much as he contends that the decision was wrongly decided. We find no reason to revisit the sound reasoning of that decision. In any event, absent the existence of contrary, intervening United States or Pennsylvania

Supreme Court precedent, Superior Court panels are bound by prior panel decisions of the Superior Court.[1] *See Commonwealth v. Prout*, 814 A.2d 693, 695 n. 2 (Pa. Super. 2002) (per curiam). Accordingly, based on our decision in *Perez*, we find Appellant is not entitled to relief on his federal *ex post facto* claim.[2]

Order affirmed.

_____

[1] We note that our Supreme Court has granted allocatur in *Commonwealth v. Gilbert*, --- A.3d ---, 2016 WL 1615797 (Pa., filed April 22, 2016), to determine, *inter alia*, whether SORNA violates the *Ex Post Facto* Clause of the United States and Pennsylvania Constitutions. While that decision is pending, *Perez* remains controlling.

[2] Although Appellant alludes in his brief to the fact that both the United States and Pennsylvania Constitutions afford separate bases for proscribing *ex post facto* laws, *see* Appellant's Brief at 16, he does not set forth a separate analysis that retroactive application of SORNA violates the Pennsylvania Constitution's *Ex Post Facto* Clause. We therefore need not address this averment further.

We further note that although Appellant averred in his Petition to Terminate Sexual Offender Registration that the lifetime registration requirement under SORNA constituted a violation of the plea agreement negotiated in Virginia, *see* Petition, 6/2/15 at ¶ 20, he does not develop this argument on appeal. We therefore presume Appellant has abandoned this issue. *See Commonwealth v. Delvalle*, 74 A.3d 1081, 1087 (Pa. Super. 2013) (finding undeveloped claim to be waived).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/5/2016