J-S55038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RAHUL HARRIS, | |
| Appellant | No. 1442 EDA 2015 |

Appeal from the Judgment of Sentence November 30, 2011
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004909-2009

BEFORE:  LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:             **FILED AUGUST 03, 2016**

This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County after the trial court convicted Appellant Rahul Harris of Involuntary Deviate Sexual Intercourse (IDSI),[1] Sexual Assault,[2] and Indecent Assault.[3]  Appellant challenges the sufficiency of the evidence and raises two claims of ineffectiveness of counsel.  After careful review, we affirm.

Appellant's convictions are based on the following factual background. On November 28, 2008, Ms. Toi Williams ("the complainant") was residing at 512 Adams Avenue in Philadelphia with her son along with Ms. Tracie Branch

_____

[1] 18 Pa.C.S. § 3123(a)(3).
[2] 18 Pa.C.S. § 3124.1.
[3] 18 Pa.C.S. § 3126.

*Former Justice specially assigned to the Superior Court.

and her son. On the night in question, Appellant was spending the night in the basement of home with Ms. Branch.

The complainant testified that she was sleeping in her bedroom on the second floor of the home when she awoke at approximately 6:00 a.m. to find her bedsheets pulled back and her underwear being pulled to the side. She observed Appellant's head between her legs and felt his tongue in her vagina. The complainant could clearly see Appellant's face as there was sufficient lighting from the bathroom across the hall. Although the complainant admitted she was on prescription pain medication for her recovery from an automobile accident, she averred that the drugs did not impair her awareness of what was happening that morning.

Asserting that she had not given Appellant permission to perform oral sex, the complainant told Appellant to get out of her bedroom "before Tracie kills you." Notes of Testimony (N.T.), 7/15/11, at 23. After Appellant left her bedroom, he returned a few moments later and asked the complainant not to tell Ms. Branch. The complainant took a shower, left the house with her son, and went to her neighbor's home. She called her "godbrother" to tell him what happened and asked that he come to the house to ensure Appellant had left. Later that afternoon, the complainant told her mother and Ms. Branch what had happened. At their insistence, the complainant called 911 to report the assault. After the police investigated the scene of the assault, they tested the complainant's clothing for DNA evidence and found her underwear contained traces of Appellant's saliva.

Ms. Branch claimed that on the early morning in question, she awoke and found Appellant was not in bed with her. When she went to go look for him, she observed him coming down the stairs. Ms. Branch went back to bed, but she awoke a second time and again found Appellant was missing. She then went to look for him and saw him run from the complainant's room into the bathroom. Ms. Branch noted the complainant was acting "very weird." N.T., 7/15/11, at 56. She immediately knew something was wrong, but did not understand why the complainant was upset. After Ms. Branch returned to the basement with Appellant, she attempted to return to talk with the victim but was physically restrained by Appellant. Ms. Branch then returned to sleep.

Appellant was charged with IDSI, Sexual Assault, Indecent Assault, Simple Assault,[4] and Recklessly Endangering Another Person (REAP).[5] Appellant proceeded to a bench trial, after which the trial court convicted him of IDSI, Sexual Assault, and Indecent Assault while acquitting him of the remaining two charges. On November 20, 2011, the trial court sentenced Appellant to two concurrent terms of three to ten years imprisonment for the IDSI and Sexual Assault convictions. No additional penalty was imposed on the Indecent Assault conviction.

---

[4] 18 Pa.C.S. § 2701(a).
[5] 18 Pa.C.S. § 2705(a).

- 3 -

On the day Appellant was sentenced, Appellant attempted to file a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), raising sufficiency and weight of the evidence claims as well as contending his trial counsel was ineffective. On March 12, 2012, Emily Beth Cherniak, Esq. was appointed to represent Appellant. On January 21, 2014, Appellant filed a counseled PCRA petition asking for the reinstatement of his direct appeal rights *nunc pro tunc*. On April 30, 2015, the lower court reinstated Appellant's direct appellate rights. This timely appeal followed. Appellant complied with the trial court's direction to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

In his appellate brief, Appellant raises the following claims for our review:

> A. Whether the verdict was insufficient as a matter of law to convict the Appellant of the IDSI, sexual assault and related charges where the testimony of the complaint [sic] was so inconsistent it did not make out the elements of the crimes?
>
> B. Whether Counsel was ineffective for failing to challenge the DNA evidence in this case or requesting a continuance so that he could hire an independent investigator to evaluate the DNA evidence in this case?
>
> C. Whether Counsel was ineffective for misadvising [Appellant] on his right to testify on his own behalf and for failing to call [Appellant] to testify?

Appellant's Brief, at 5.

We begin by reviewing Appellant's challenge to the sufficiency of the evidence supporting his convictions. Our standard of review is as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Britton***, 134 A.3d 83, 86 (Pa. Super. 2016).

In claiming there was insufficient evidence to support his convictions for IDSI, Sexual Assault, and Indecent Assault, Appellant does not challenge any specific element of any of the offenses. Appellant takes issue with the fact that the complainant did not immediately call the police after the assault, but waited several hours to report the crime. In addition, Appellant also points out that the complainant "had recently been in a car accident and that she had taken pain medication." Appellant's Brief, at 10. Besides stating these two facts, Appellant makes no argument, offers no analysis and cites no authority to support his claim. As Appellant offers inadequate advocacy, we find Appellant's claim to be waived for lack of development.

*See Commonwealth v. Johnson*, 604 Pa. 176, 985 A.2d 915, 924 (2009) (finding "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived") (citations omitted)).

Appellant's remaining two claims suggest that trial counsel rendered ineffective assistance. Our Supreme Court has held that, "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Commonwealth v. Grant*, 572 Pa. 48, 67, 813 A.2d 726, 738 (2002). The Supreme Court subsequently held,

> *Grant's* general rule of deferral to PCRA review remains the pertinent law on the appropriate timing for review of claims of ineffective assistance of counsel. … We recognize two exceptions, however, both falling within the discretion of the trial judge. First, we appreciate that there may be extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; and we hold that trial courts retain their discretion to entertain such claims. [ ]
>
> Second … where the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record-based claims, on post-verdict motions and direct appeal, we repose discretion in the trial courts to entertain such claims, but only if (1) there is good cause shown, and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA.

***Commonwealth v. Stollar***, 624 Pa. 107, 135-36, 84 A.3d 635, 652 (Pa. 2014), *cert. denied,* ––– U.S.–––, 134 S.Ct. 1798 (2014) (quoting ***Commonwealth v. Holmes***, 621 Pa. 595, 598, 79 A.3d 562, 563–564 (Pa. 2013)).

In the instant appeal, Appellant has neither raised a claim where trial counsel ineffectiveness is apparent from the record nor has knowingly and expressly waived his collateral review rights. Therefore, we dismiss Appellant's claims as they relate to the ineffective assistance of trial counsel without prejudice for him to raise them on collateral review.

Judgment of sentence affirmed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/3/2016</u>