J-S01030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID KELLY BEY | : | |
| | : | |
| Appellant | : | No. 1211 MDA 2017 |

Appeal from the Judgment of Sentence July 6, 2017
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-SA-0000019-2017

BEFORE:  GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                **FILED JANUARY 31, 2018**

David Kelly Bey ("Appellant") appeals from the judgment of sentence imposed after the trial court convicted him of driving while his operating privilege was suspended or revoked (DUI related).[1]  Appellant argues that his due process rights were violated because the Commonwealth failed to preserve a motor vehicle recording ("MVR") of the traffic stop, and that the traffic stop was not supported by reasonable suspicion.[2]  After careful consideration, we affirm.

On January 17, 2017, at approximately 8:20 p.m., Chambersburg Police Officer Matthew Lynch observed a tan Ford minivan going through an

_____

[1] 75 Pa.C.S. § 1543(b)(1) (driving while operating privilege is suspended or revoked as a condition of Accelerated Rehabilitative Disposition due to DUI-related conviction).

[2] The Commonwealth has not filed an appellee's brief.

intersection, passing perpendicularly in front of the officer's patrol car. Officer Lynch recognized the minivan, which had damage from an incident in October 2016, when Officer Lynch cited Appellant for driving the minivan while his license was suspended.[3] As the minivan passed, Officer Lynch had a "partial view" of the driver, who he described as a "larger built black male." N.T. Trial, 7/6/17, at 14, 19. Believing the driver to be Appellant, Officer Lynch followed the minivan, ran its registration, and confirmed it was the same vehicle from the October 2016 stop. Before the officer could determine Appellant's license status, however, he observed the minivan turn right without a turn signal, a violation of the Motor Vehicle Code.[4] Officer Lynch initiated a traffic stop, determined that Appellant was indeed the driver and that his license was still suspended, and thus cited him for driving while his license was suspended, DUI related. An MVR of the traffic stop was made at the time of the stop, but Officer Lynch did not download the video within 30 days; accordingly, the MVR was automatically and permanently erased. *Id.* at 8.

On February 13, 2017, Appellant appeared *pro se* before a magisterial district judge, who found him guilty of driving while his license was suspended, DUI related, and imposed a sentence of 90 days' imprisonment. Appellant filed a summary appeal and the trial court conducted a trial *de novo* on July

---

[3] Officer Lynch did not further explain the vehicle damage.

[4] 75 Pa.C.S. §3334(a) (turning movements and required signals) (no person shall turn vehicle without giving appropriate signal).

6, 2017.[5]  Appellant, represented by counsel, requested the opportunity to view the MVR of the traffic stop in order to determine whether it would include any exculpatory evidence.  *Id.* at 6.  Officer Lynch testified that the MVR was not available because he had not downloaded the video within the requisite 30 day period for preserving it.  The officer explained that the police department's general practice was to not download every traffic stop video because, with numerous traffic stops every day, the MVRs would "use [too much] space."  *Id.*  The trial court then denied Appellant's oral motion to dismiss the charge, stating that there was no ill will on the Commonwealth's part.  *Id.* at 11.  Officer Lynch testified in the Commonwealth's case-in-chief, and Appellant did not present any evidence.

The trial court found Appellant guilty of driving while his license was suspended related to a DUI, and sentenced him to 90 days' imprisonment.  In its opinion, the court determined that the Commonwealth's failure to preserve the MVR did not violate Appellant's due process rights.  It first found that the MVR was not materially exculpatory, where Appellant did not specify how the MVR was material to his guilt; the court additionally noted that Appellant never claimed that the MVR would have exonerated him, but instead appeared to seek the MVR solely to challenge the legality of the stop.  Trial Ct. Op. at 9-10, *citing Commonwealth v. Chamberlain*, 30 A.3d 381, 402 (Pa. 2011)

---

[5] The trial court was also scheduled to hear Appellant's summary appeal in another matter, docketed at CP-28-SA-0000020-2017, for which Officer Lynch did preserve an MVR of a traffic stop.  The trial court granted Appellant's motion to continue that matter so that he could view the MVR.

(Due Process Clause of Fourteenth Amendment requires Commonwealth to disclose, if requested, any evidence which is exculpatory and material to guilt or punishment and exculpatory evidence which might raise reasonable doubt about defendant's guilt even if not requested). The trial court next found that the MVR was potentially useful, but denied relief because Appellant failed to establish that Officer Lynch acted in bad faith. Trial Ct. Op. at 9, *citing Chamberlain*, 30 A.3d at 402 ("When the state fails to preserve evidence that is 'potentially useful,' there is no federal due process violation 'unless a criminal defendant can show bad faith on the part of the police.'"). Additionally, the trial court concluded the traffic stop was legal, and specifically found that Officer Lynch had both reasonable suspicion to believe Appellant was driving while his license was suspended, and probable cause to stop him for turning without an appropriate signal. Thereafter, Appellant filed a timely notice of appeal and complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Appellant presents the following issues for review:

1. Did the trial court erred [sic] by failing to assess whether the evidence of the Mobile Video Recording ("MVR") by the Commonwealth was materially exculpatory or potentially useful?

[2.] Whether the trial [court] abused its discretion by finding that the Officer had reasonable suspicion to pull over the vehicle.

Appellant's Brief at 7.[6]

Significantly, in his first issue, Appellant concedes that the MVR was not materially exculpatory, but states the MVR was "potentially useful at the very least," and thus he should have had the opportunity to question Officer Lynch about the contents of the MVR. Appellant's Brief at 14. Appellant further asserts that the trial court erred in failing to assess whether the MVR was in fact potentially useful.

"Initially, we note this issue presents a question of law, and therefore, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Britton***, 134 A.3d 83, 87 (Pa. Super. 2016). "The Due

_____

[6] Appellant's statement of questions involved also included these issues with a notation that they were withdrawn:

> 2. Whether the trial court erred by failing to dismiss the Summary citation against Appellant as a violation of Appellant's due process rights on the basis of spoliation of evidence as the Officer involved in the stop did not download the MVR?
>
> WITHDRAWN- Argument contained with Question 1
>
> 3. Did the trial court err by failing to require the Commonwealth to turn over evidence relating to the MVR as exculpatory evidence and as such is not subject to Pa.R.Crim.P. 573 applicability to court cases only?
>
> WITHDRAWN

Appellant's Brief at 7. While the inclusion of extraneous issues in the statement of questions involved does not, in this case, impede our ability to review this appeal, we remind counsel, "The statement of the questions involved must state concisely the issues to be resolved[.]" ***See*** Pa.R.A.P. 2116(a).

Process Clause of the Fourteenth Amendment requires defendants be provided certain access to certain kinds of evidence prior to trial, so they may 'be afforded a meaningful opportunity to present a complete defense.'" ***Commonwealth v. Snyder***, 963 A.2d 396, 401 (Pa. 2009) (citation omitted). "When the state fails to disclose evidence that is **materially exculpatory** to a defendant, a federal due process violation occurs and the evidence must be suppressed without regard to the good or bad faith of the prosecution." ***Id.*** at 408 (emphasis added), ***citing Illinois v. Fisher***, 540 U.S. 544, 547 (2004); ***Brady v. Maryland***, 373 U.S. 83 (1963). In contrast, when the state fails to preserve **potentially useful** evidence — characterized as "evidentiary material of which not more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant" — "the failure to preserve such evidence does not violate due process 'unless a criminal defendant can show bad faith on the part of the police.'" ***Snyder***, 963 A.2d at 408*, **citing***, *inter alia*, ***Fisher***, 540 U.S. at 547-48. In considering a federal due process claim that the Commonwealth failed to preserve evidence, a court first determines whether the evidence was "materially exculpatory" or "potentially useful." ***Snyder***, 963 A.2d at 405. If a court finds that the evidence was potentially useful, then it next considers whether the Commonwealth acted in bad faith in destroying it. ***Id.*** at 406.

In this case, the trial court determined that the MVR was not materially exculpatory, a point which Appellant now concedes on appeal. ***See*** Appellant's

Brief at 13. Further, the court explained that while the MVR was potentially useful, it credited Officer Lynch's testimony as to why the police department did not preserve every MVR, and accordingly found no bad faith in the officer's decision not to preserve this particular MVR.[7]  Trial Ct. Op. at 10 ("The MVR falls within the second category of evidence that is potentially useful, because it was unpreserved by the Commonwealth before [Appellant] had an opportunity to examine it.").  Thus, Appellant's first issue is without merit.

In his second issue, Appellant concedes the trial court properly found that the traffic stop was supported by probable cause with respect to a suspected Vehicle Code violation of turning without an appropriate signal. Appellant nevertheless claims that the court abused its discretion in finding Officer Lynch had reasonable suspicion to believe Appellant was driving while his license was suspended.  Appellant specifically challenges the court's finding that Officer Lynch "knew," just before the stop, that his license was suspended; Appellant emphasizes that the officer's testimony was that he "believe[d]" the license was suspended.  Appellant's Brief at 17, **citing** Trial

_____

[7] It appears the trial court's reasons for why Appellant failed to show the MVR was materially exculpatory could also apply to reach a finding he likewise failed to establish the MVR was potentially useful.  As stated above, evidence is potentially useful if "it could have been subjected to tests, the results of which might have **exonerated** the defendant."  **Snyder**, 963 A.2d at 408 (emphasis added).  The court emphasized Appellant provided no explanation why the MVR could be material to his guilt, nor presented any claim the MVR would raise a reasonable doubt as to whether he was the driver of the minivan or whether his license was suspended, and instead, it appeared he wished to review the MVR solely to challenge the legality of the traffic stop.  Trial Ct. Op. at 9-10.  Such an argument is not relevant to the question of guilt.

Ct. Op. at 7; N.T. at 14. Appellant further contests what he characterizes was the "crux" of the court's analysis — Officer Lynch's testimony that as the minivan passed him, he saw a "larger built black male" driving. Appellant's Brief at 17-18. Appellant asserts that this vague description is insufficient for a finding of reasonable suspicion pursuant to *Commonwealth v. Palmer*, 751 A.2d 223, 226 (Pa. Super. 2000) ("'Driving while black' is not among the violations identified in the Motor Vehicle Code. Because the officer's identification of [the defendant] was predicated solely upon a vague racial description … articulable and reasonable grounds for the stop did not exist.").

As stated above, Appellant concedes that Officer Lynch possessed probable cause to believe he committed a violation of the Motor Vehicle Code when he made a turn without signaling. Therefore, even if we were to determine that the trial court improperly found Officer Lynch had reasonable suspicion to believe Appellant was driving while his license was suspended, no relief would be due. In any event, we hold that the trial court properly found reasonable suspicion. "In Pennsylvania, a police officer has authority to stop a vehicle when he or she has reasonable suspicion that a violation of the Motor Vehicle Code is occurring or has occurred." *Commonwealth v. Farnan*, 55 A.3d 113, 116 (Pa. Super. 2012). "[W]hether an officer had reasonable suspicion that criminality was afoot so as to justify an investigatory detention is an objective one, which must be considered in light of the totality of the circumstances." *Id.* (internal citation omitted).

While Appellant correctly points out that Officer Lynch's description of him at the time the minivan passed the officer's vehicle did not include his age or any description of facial features or facial hair, Appellant concedes that Officer Lynch previously encountered him on two occasions. The trial court further considered the fact that Officer Lynch confirmed the minivan was the same vehicle Appellant was driving in his prior citation for driving with a suspended license. In considering the totality of these circumstances, the record supports the trial court's finding that Officer Lynch had reasonable suspicion to believe Appellant was driving while his license was suspended. *See* 75 Pa.C.S. §1543(b)(1); *Farnan*, 55 A.3d at 115. Accordingly, no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/18