J-S82045-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MAURICE SHOATZ, | : | |
| | : | |
| Appellant | : | No. 1282 EDA 2018 |

Appeal from the PCRA Order April 4, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007113-2012

BEFORE:    LAZARUS, J., OLSON, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:    **FILED MARCH 12, 2019**

Maurice Shoatz (Appellant) appeals from the April 4, 2018 order dismissing without an evidentiary hearing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

We begin by providing a brief background.  On April 22, 2012, at approximately 9:50 p.m., Officer Timothy Dunne and his partner, Officer John Merrigan, were on patrol in the City of Philadelphia when they observed a black Chevrolet Tahoe double-parked.  N.T., 4/7/2014, at 50-52, 94. The vehicle displayed an "indigenous native person" license plate, which Officer Dunne knew to be an invalid license plate associated with "sovereign citizen" groups.  *Id.* at 52-56.  Shortly thereafter, Officer Dunne observed Appellant exit a convenience store, enter the vehicle, and drive away.  *Id.* at 52.

---

*Retired Senior Judge assigned to the Superior Court.

Officer Dunne initiated a traffic stop and Appellant complied. Officer Dunne approached the driver's side of the vehicle while Officer Merrigan approached the passenger's side. *Id.* at 57-58, 94. After refusing Officer Dunne's request to roll down the vehicle's tinted windows, Officer Dunne opened the driver's side door and was immediately met by Appellant who handed Officer Dunne an identification card bearing the following: "Banu Tallahassiy, Native American." *Id.* at 58-59. Appellant then reached for his waistband. *Id.* at 59. Appellant complied with Officer Dunne's directive to put his hands on the steering wheel, but soon thereafter reached for his waistband a second time. *Id.* at 59-60. At that point, Officer Dunne restrained Appellant's hands and conducted a pat down for his safety. Office Dunne immediately felt, and subsequently retrieved, a firearm from Appellant's waistband. *Id.* at 60. A second search incident to arrest yielded eight tinfoil packets of the controlled substance, PCP. *Id.* at 65. Upon questioning, Appellant admitted there was a second firearm in the vehicle, which Office Dunne retrieved. *Id.* at 63.

Based upon the foregoing, Appellant was charged with, *inter alia*, possession of a firearm by a prohibited person, firearms not to be carried without a license, and possession of a controlled substance. Appellant eventually proceeded to a jury trial. At trial, Officers Dunne and Merrigan testified as indicated above. Following Appellant's trial, Appellant was found guilty of the aforementioned offenses. On August 12, 2014, Appellant was

sentenced to 6½ to 15 years' imprisonment. Appellant appealed and this Court affirmed Appellant's judgment of sentence on July 15, 2016, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on March 14, 2017. *Commonwealth v. Shoatz*, 154 A.3d 857 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, ___A.3d___, 426 EAL 2016 (Pa. 2017).

On May 23, 2017, Appellant *pro se* timely filed a PCRA petition. Counsel was appointed, and an amended petition was filed on August 2, 2017. On March 5, 2018, the PCRA court issued a notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not file a response, and on April 4, 2018, the PCRA court dismissed Appellant's petition. Appellant timely filed a notice of appeal.[1]

On review of orders denying PCRA relief, our standard is to determine whether the PCRA court's ruling is free of legal error and supported by the record. *Commonwealth v. Orlando,* 156 A.3d 1274, 1280 (Pa. Super. 2017) (citation omitted). To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). In this case, Appellant contends,

---

[1] The PCRA court did not order Appellant to file a concise statement pursuant to Pa.R.A.P. 1925, but it did author an opinion in support of its decision to deny Appellant's petition. *See* PCRA Court Opinion, 7/24/2018.

*inter alia*, that trial counsel was ineffective for failing to object to several instances of alleged prosecutorial misconduct. Specifically, Appellant avers trial counsel should have objected to inflammatory remarks made by the Commonwealth during the Commonwealth's closing argument. We review this claim mindful of the following.

"[C]ounsel is presumed to be effective, and the petitioner bears the burden of proving to the contrary." ***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018).

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

> The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) (internal citations omitted).

> To succeed on a claim of ineffective assistance of counsel based on trial counsel's failure to object to prosecutorial misconduct, the defendant must demonstrate that the prosecutor's actions violated a constitutionally or statutorily protected right, such as the Fifth Amendment privilege against compulsory self-incrimination or the Sixth Amendment right to a fair trial, or a constitutional interest such as due process. To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial.

***Commonwealth v. Busanet***, 54 A.3d 35, 64 (Pa. 2012) (citations and quotation marks omitted).

> The Commonwealth is entitled to comment during closing arguments on matters that might otherwise be objectionable or even outright misconduct, where such comments constitute fair response to matters raised by the defense, or where they are merely responsive to actual evidence admitted during a trial. Furthermore, prosecutorial misconduct will not be found where comments were based on the evidence or proper inferences therefrom or were only oratorical flair.

***Commonwealth v. Culver***, 51 A.3d 866, 876 (Pa. Super. 2012) (citations omitted). ***See also Busanet***, 54 A.3d at 64 ("[A] prosecutor is free to present his argument with logical force and vigor so long as there is a reasonable basis in the record for the prosecutor's remarks. Further, reversible error arises from a prosecutor's comments only where their unavoidable effect is to prejudice the jurors, forming in their minds a fixed bias and hostility toward the defendant such that they could not weigh the evidence objectively and render a fair verdict.") (citation omitted).

In this case, Appellant cites the following three statements made by the Commonwealth during its closing argument, which he claims constituted prosecutorial misconduct.

> If I had come in here and shown you this license plate, this license, this gun, all of these bullets, this gun -- oh, and then the PCP that was also on [Appellant], then I think we'd have a problem. Then maybe we'd have an issue as beyond a reasonable doubt. Maybe we would. I don't know. Maybe. But, folks, reasonable doubt, despite what [defense] counsel wants you to believe is not a manufactured doubt. It's not a doubt like, "Oh, I can't imagine, maybe on some planet." But this didn't

happen that way. It's not manufactured. It has to be reasonable. It has to be something that you can actually explain to yourself.

I asked -- you know, counsel, [Appellant] doesn't have to provide any evidence. They don't have to provide anything. He can sit there and not say a word. And that's fine. **But why? Really?** Where'd the guns come from? I mean there's zero explanation for -- if it didn't happen the way that Officer Dunne and Officer Merrigan said it happened, how the heck did it happen? I mean, there's zero evidence that it happened any other way than [what] Officer Dunne and Officer Merrigan said.

* * *

And I hope and I'm thankful that this isn't a case where [Appellant] got ahold of that firearm with nine bullets in the magazine and was able to do anything with it. I'm thankful that Officer Dunne got that gun before anything else happened, **because this case would be very different and it would be a lot longer.**

* * *

The only doubt that could be is a[n] imagined one, a manufactured one, **because there's no evidence that it went down any other way other than how the officers say it did.**

N.T., 4/7/2014, at 139-140, 142, 146 (emphasis added). Appellant contends trial counsel rendered ineffective assistance when he failed to object to these statements.[2]

---

[2] In his brief, Appellant suggest that in addition to objecting, counsel should have sought a mistrial, *see* Appellant's Brief at 22, but provides no argument to support his contention that the objectionable statements made by the Commonwealth were so egregious as to warrant a mistrial if one were requested. *See Commonwealth v. Green*, 467 A.2d 1346, 1348-49 (Pa. Super. 1983) ("Although prosecutorial misconduct is never countenanced by the courts, it is not proper to order a new trial at every instance of a prosecutor's improper remarks. Only those remarks which preclude objective
*(Footnote Continued Next Page)*

After reviewing the closing arguments made by both parties and the testimony presented at trial, the PCRA court determined that the statements made by the Commonwealth did not constitute prosecutorial misconduct. *See* PCRA Court Opinion, 7/24/2018, at 4-8. As such, the PCRA court concluded that Appellant's claim lacked arguable merit because trial counsel could not have been ineffective for failing to object to statements that were not objectionable. Moreover, the PCRA court found Appellant failed to establish prejudice.

> [Appellant] failed to establish a reasonable probability that the outcome of the proceedings would have been different but for counsel's alleged failure. [Appellant] also failed to state exactly what curative measures should have been requested. … [T]he jury was given the correct burden of proof and jury instructions by the [trial c]ourt immediately after the Commonwealth made closing arguments. There is no indication the results would have been different if [t]rial [c]ounsel requested a mistrial or curative measures, therefore [Appellant] cannot demonstrate prejudice.

*Id.* at 8.

Upon our own independent review, we find the PCRA court's determinations supported by the record and its legal conclusions are free from error. Without addressing the arguable merit of Appellant's claim, and giving Appellant all reasonable inferences, we agree with the PCRA court that Appellant has failed to satisfy his burden in proving that the

*(Footnote Continued)* ――――――――――

deliberation by implanting bias and hostility for the defendant in the jurors' minds will result in mistrial.") (citation omitted).

- 7 -

Commonwealth's comments were so prejudicial as to deny him the right to a fair trial and that, but for counsel's omissions, there was a reasonable probability that the outcome in this case would have been different. **See Commonwealth v. Burno**, 94 A.3d 956, 977 (Pa. 2014) ("[A]ssuming, *arguendo,* Burno's underlying claims did not lack 'arguable merit,' he would not otherwise be entitled to relief since Burno did not meet his burden of proving prejudice, *i.e.,* that there is a reasonable probability that, but for counsel's failure to object to the challenged portions of the prosecutor's closing argument, the factfinder would have had a reasonable doubt respecting guilt.").

In this case, following the Commonwealth's closing argument, the trial court instructed the jury about the Commonwealth's burden of proof and the evidence to be considered, and stated that "[t]he speeches of counsel are not part of the evidence, and you should not consider them as such." N.T., 4/7/2014, at 149-152, 162-63. Jurors are presumed to follow the trial court's instructions. **Commonwealth v. Hairston**, 84 A.3d 657, 666 (Pa. 2014).

Furthermore, the evidence presented at trial relevant to Appellant's guilt was overwhelming. At Appellant's relatively short trial, the Commonwealth presented, *inter alia*, the testimony of Officer Dunne. Officer Dunne testified that during the traffic stop, Appellant disobeyed his orders to keep his hands on the steering wheel and motioned towards his waistband,

requiring Officer Dunne to restrain Appellant and conduct a pat down for his safety. N.T., 4/7/2014, 57-61. As a result of this pat down, Officer Dunne recovered a firearm.[3] *Id.* at 61. Officer Merrigan, who assisted in the stop of Appellant's vehicle, conducted a search of Appellant incident to arrest and recovered PCP from Appellant's person. *Id.* at 98. This testimony went essentially uncontradicted.[4] In light of the foregoing, because Appellant failed to show that he was prejudiced, his claim fails.[5] *See Burno* 94 A.3d at 977-78 (holding Burno failed to demonstrate prejudice when the record reflected that: (1) the jury was instructed that it should not consider the

---

[3] A firearm and ballistics expert testified that the semi-automatic gun recovered from Appellant was an operable firearm. *Id.* at 42-43. Additionally, a certificate of non-licensure, stating that Appellant did not have a valid license to carry a firearm on the date of the traffic stop, was entered into evidence. *Id.* at 117.

[4] At trial Appellant questioned the credibility of Officer Dunne and Officer Merrigan. *See* N.T., 4/7/2014, at 25-26, 130-32. Based on the jury's verdict, it is clear that the jury credited the officers' version of events, which is well within its discretion to do. *Commonwealth v. Britton*, 134 A.3d 83, 86 (Pa. Super. 2016) ("The trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.") (citation omitted).

[5] Lastly, we note that in addition to the aforementioned issue, Appellant argues that the remarks made by the Commonwealth during its closing argument violated his due process and other constitutional rights and that the PCRA court erred when it failed to grant Appellant a new trial on this basis. *See* Appellant's Brief at 10-18. Appellant's claim that the Commonwealth engaged in prosecutorial misconduct could have been raised in his direct appeal; therefore, this issue is waived. *See Commonwealth v. Bryant*, 855 A.2d 726, 735 (Pa. 2004) ("Appellant's claims [] are waived to the extent they allege trial court error or prosecutorial misconduct since such claims could have been raised on direct appeal.").

attorneys' arguments as evidence; and (2) the evidence of Burno's guilt was "overwhelming"). ***See also Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009) ("A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.").

Since Appellant has failed to meet his burden regarding his ineffectiveness claim, we find the PCRA court did not err by dismissing his petition without a hearing. ***See Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008) (holding that petitioner was not entitled to an evidentiary hearing when he failed to meet his burden in proving his trial counsel was ineffective).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/12/19